IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| BURLINGTON INDUSTRIES, INC., by and through its duly-appointed Receiver, Peter M. McCoy, Jr., <br>　　　　Plaintiff <br><br> v. <br><br> CONTINENTAL CASUALTY COMPANY; TRAVELERS CASUALTY AND SURETY COMPANY, formerly known as AETNA CASUALTY AND SURETY COMPANY; AMERICAN HOME ASSURANCE COMPANY; ALLSTATE INSURANCE COMPANY, as successor-in-interest to NORTHBROOK EXCESS AND SURPLUS INSURANCE COMPANY, formerly known as NORTHBROOK INSURANCE COMPANY; GRANITE STATE INSURANCE COMPANY; AMERICAN INTERNATIONAL GROUP, INC.; AIU INSURANCE COMPANY, THE CONTINENTAL INSURANCE COMPANY, as successor-in-interest to HARBOR INSURANCE COMPANY; WESTPORT INSURANCE CORPORATION, as successor-in-interest to PURITAN INSURANCE COMPANY; FEDERAL INSURANCE COMPANY; MUNICH REINSURANCE AMERICA, INC., formerly known as AMERICAN RE-INSURANCE COMPANY; OLD REPUBLIC INSURANCE COMPANY; PACIFIC EMPLOYERS INSURANCE COMPANY; LEXINGTON INSURANCE COMPANY; SCOTTSDALE INSURANCE COMPANY; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA; CENTURY INDEMNITY COMPANY, as successor-in-interest to CIGNA SPECIALTY INSURANCE COMPANY, formerly known as CALIFORNIA UNION INSURANCE COMPANY; ZURICH REINSURANCE COMPANY LTD., formerly known as ZURICH INTERNATIONAL LTD.; and LIBERTY MUTUAL INSURANCE COMPANY, <br>　　　　Defendants | **DEFENDANT LIBERTY MUTUAL INSURANCE COMPANY'S NOTICE OF REMOVAL** |

**NOTICE OF REMOVAL**

Defendant, Liberty Mutual Insurance Company ("Liberty Mutual"), hereby removes the above-captioned action, which is presently docketed in the Court of Common Pleas for the Seventh Judicial Circuit, County of Spartanburg, Civil Action No. 2024-CP-42-04138, pursuant to 28 U.S.C. § 1441, *et seq.* In support thereof, Liberty Mutual avers as follows:

**The Parties and Background**

1. In this action, Plaintiff Burlington Industries, Inc., by and through its purported Receiver, Peter M. McCoy, Jr. ("Plaintiff"), asserts claims against Liberty Mutual and other insurers (collectively, the "Insurers") arising from alleged obligations to Burlington Industries, Inc. ("Burlington")[1] in connection with lawsuits filed against Burlington regarding the use and discharge of certain chemicals from a South Carolina textile plant owned and operated by Burlington (the "Underlying Environmental Lawsuits"). A true and correct copy of the First Amended Complaint filed by Plaintiff in Spartanburg County, SC (the "FAC") is attached hereto as "Exhibit A."[2]

2. Plaintiff initiated this civil action on October 22, 2024 by filing a Complaint in the Court of Common Pleas for the Seventh Judicial Circuit, County of Spartanburg, SC.

3. On or about January 23, 2025, Plaintiff filed the FAC, naming Liberty Mutual as a defendant for this first time in this action.

4. Plaintiff accomplished service of the FAC on Liberty Mutual on February 10, 2025.

---

[1] To avoid any confusion, "Plaintiff" refers to Attorney Peter M. McCoy, Jr., who was appointed as the Receiver for Burlington Industries, Inc. (separately, "Burlington") in connection with the action captioned *Barbara Bullard Mimms and John Mimms vs. Burlington Industries, Inc.*, C/A No. 2021-CP-40-05873 in the Court Of Common Pleas For The Fifth Judicial Circuit, County of Richland (the "Mimms Litigation"). Liberty Mutual disputes that Attorney McCoy is properly acting as a receiver for Burlington in connection with this declaratory judgment action, which does not concern the Mimms Litigation.

[2] As explained in this Notice, Plaintiff previously filed a Complaint which did not name Liberty Mutual. Liberty Mutual was named as a defendant, for the first time, in the FAC.

5. Plaintiff is a resident of South Carolina.

6. Liberty Mutual is a corporation organized under the laws of Massachusetts and maintaining its principal place of business in the Commonwealth of Massachusetts.

7. Upon information and belief, Defendant Continental Casualty Company ("Continental Casualty") is a corporation organized under the laws of and maintaining its principal place of business in the State of Illinois.

8. Upon information and belief, Defendant Travelers Casualty and Surety Company, formerly known as Aetna Casualty and Surety Company ("Aetna"), is a corporation organized under the laws of and maintaining its principal place of business in the State of Connecticut.

9. Upon information and belief, Defendant American Home Assurance Company ("American Home") is a corporation organized under the laws of and maintaining its principal place of business in the State of New York.

10. Upon information and belief, Defendant Allstate Insurance Company, as successor-in-interest to Northbrook Excess and Surplus Insurance Company, formerly known as Northbrook Insurance Company ("Allstate"), is a corporation organized under the laws of and maintaining its principal place of business in the State of Illinois.

11. Upon information and belief, Defendant Granite State Insurance Company ("Granite State") is a corporation organized under the laws of and maintaining its principal place of business in the State of Illinois.

12. Upon information and belief, Defendant American International Group, Inc. ("AIG") is a corporation organized under the laws of the State of Delaware and maintaining its principal place of business in the State of New York.

13. Upon information and belief, Defendant AIU Insurance Company ("AIU") is a corporation organized under the laws of and maintaining its principal place of business in the State of New York.

14. Upon information and belief, Defendant The Continental Insurance Company, as successor-in-interest to Harbor Insurance Company ("Harbor"), is a corporation organized under the laws of the Commonwealth of Pennsylvania and maintaining its principal place of business in the State of Illinois.

15. Upon information and belief, Defendant Westport Insurance Corporation, as successor-in-interest to Puritan Insurance Company ("Puritan"), is a corporation organized under the laws of and maintaining its principal place of business in the State of Missouri.

16. Upon information and belief, Defendant Federal Insurance Company ("Federal") is a corporation organized under the laws of the State of Indiana and maintaining its principal place of business in the State of New Jersey.

17. Upon information and belief, Defendant Munich Reinsurance America, Inc., formerly known as American Re-Insurance Company ("American Re"), is a corporation organized under the laws of the State of Delaware and maintaining its principal place of business in the State of New Jersey.

18. Upon information and belief, Defendant Old Republic Insurance Company ("Old Republic") is a corporation organized under the laws of and maintaining its principal place of business in the Commonwealth of Pennsylvania.

19. Upon information and belief, Defendant Pacific Employers Insurance Company ("PEIC") is a corporation organized under the laws of and maintaining its principal place of business in the Commonwealth of Pennsylvania.

20. Upon information and belief, Defendant Twin City Fire Insurance Company ("Twin City") is a corporation organized under the laws of the State of Indiana and maintaining its principal place of business in the State of Connecticut.

21. Defendant Twin City has been dismissed from this litigation and its consent to remove is not required.

22. Upon information and belief, Defendant Lexington Insurance Company ("Lexington") is a corporation organized under the laws of the State of Delaware and maintaining its principal place of business in the Commonwealth of Massachusetts.

23. Upon information and belief, Defendant Scottsdale Insurance Company ("Scottsdale") is a corporation organized under the laws of the State of Ohio and maintaining its principal place of business in the State of Arizona.

24. Upon information and belief, Defendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union") is a corporation organized under the laws of the Commonwealth of Pennsylvania and maintaining its principal place of business in the State of New York.

25. Upon information and belief, Defendant Century Indemnity Company, as successor-in-interest to Cigna Special Insurance Company ("Cigna"), formerly known as California Union Insurance Company ("California Union"), is a corporation organized under the laws of and maintaining its principal place of business in the Commonwealth of Pennsylvania.

26. Upon information and belief, Defendant Zurich Reinsurance Company, Ltd., formerly known as Zurich International, Ltd. ("Zurich Reinsurance"), is a corporation organized under the laws of Switzerland, with its principal place of business located in Switzerland.

27. Upon information and belief, Defendant First State Insurance Company ("First State"), is a corporation organized under the laws of Connecticut and maintaining its principal place of business in the Commonwealth of Massachusetts.

28. Defendant First State has been dismissed from this litigation and its consent to remove is not required.

29. In Count One of the FAC, Plaintiff seeks several declarations concerning the alleged insurance policies that Insurers issued to Burlington. *See* Ex. 1, Page 26-29.

30. Plaintiff also served certain written discovery requests on Liberty Mutual.

31. The FAC and the written discovery requests constitute all of the process, pleadings and discovery requests served upon Liberty Mutual in this matter.

32. Liberty Mutual now timely removes the instant matter to this Court.

## Basis for Removal to Federal Court

33. A defendant may remove a civil action that was filed in a state court to the federal court for the district in which the state court action is pending, provided the federal court would have original jurisdiction to address the matter. *See* 28 U.S.C. §§ 1441(a); 1446(a).

34. This Court's original jurisdiction is based upon diversity of citizenship under 28 U.S.C. § 1332, insofar as all parties are of diverse citizenship at all times material hereto, and Plaintiff's claimed damages are in excess of $75,000, as established below.

35. As noted above, Plaintiff is a citizen of South Carolina, and no defendant is a citizen of South Carolina. *See* 28 U.S.C. § 1332(c)(1) (stating that a corporation shall be deemed to be a citizen of any state in which it has been incorporated, as well as the state in which it has its principal place of business).

36. Thus, there is complete diversity of citizenship between the parties.

37. Generally, the amount in controversy is evaluated by looking to the demand for relief in the complaint. *See, e.g.*, *Davenport v. State Farm Fire & Cas. Co.*, No. 6:24-cv-04330-JDA, 2024 U.S. Dist. LEXIS 161550, at *5 (D.S.C. Sep. 9, 2024) ("Courts generally determine the amount in controversy by examining the complaint at the time of commencement of the state court action and at the time of removal.") (quoting *Stanley v. Auto-Owners, Ins. Co.*, 423 F. Supp. 3d 225, 228 (D.S.C. 2019)).

38. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Swafford v. Meer Elec. Contractors, Inc.*, No. 8:25-cv-00421-JDA, 2025 U.S. Dist. LEXIS 18733, at *4 (D.S.C. Feb. 3, 2025) (quoting *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89, 135 S. Ct. 547, 190 L. Ed. 2d 495 (2014)).

39. In this case, the costs that Plaintiff seeks satisfy the amount in controversy, as Plaintiff is claiming entitlement to monies from at least 107 alleged insurance policies for costs incurred in connection with the Underlying Actions (which each seek past and future damages; treble damages pursuant to the South Carolina Unfair Trade Practices Act; punitive damages; prejudgment interests for any costs or damages incurred; attorney fees and costs and expenses incurred in connection with the litigation; and such other and further relief as the presiding court deems just, proper, and equitable) and the Plaintiff's attorneys' fees, costs, and expenses in connection with this action.

40. Given the foregoing, Liberty Mutual respectfully submits that it has, at least, plausibly alleged the instant action satisfies the amount in controversy requirement pursuant to 28 U.S.C. § 1332, insofar as the amount in controversy is in excess of $75,000 and it cannot be said

that the "value of the underlying claim[s]" do not exceed $75,000. *Justice v. Travelers Pers. Ins. Co.*, No. 7:24-cv-04233-DCC, 2024 U.S. Dist. LEXIS 193514, at *6 (D.S.C. Oct. 24, 2024).

41. The United States District Court for the District of South Carolina is the District Court having jurisdiction over this matter, as the instant civil matter was originally filed in the Court of Common Pleas for the Seventh Judicial Circuit, County of Spartanburg.

42. Liberty Mutual has timely filed for removal of the instant matter to this Court, as it has filed this Notice of Removal within thirty (30) days of service of the FAC on February 10, 2025. 28 U.S.C. § 1446(b)(1).

43. Pursuant to 28 U.S.C. § 1446(b)(2)(c), "[i]f defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal."

44. Pursuant to 28 U.S.C. § 1446(b)(2)(c), each defendant has consented to removal.

45. Liberty Mutual expects that Plaintiff may argue after removal that "[f]ederal jurisdiction does not attach to this dispute by operation of the *Barton* Doctrine." FAC at ¶ 36.

46. This argument is without merit.

47. *Barton v. Barbour*, 104 U.S. 126 (1881) does not prevent removal of this matter for reasons including that *Barton* and its progeny do not control a situation where the Receiver is acting outside the scope of authority granted to him by the Receivership Court.

48. Further, Plaintiff does not identify any insurance policy in the FAC that contains a service of suit clause that would prevent a defendant from consenting to removal under these circumstances.

49.　　In addition, as required under 28 U.S.C. § 1446(d), Liberty Mutual has filed copies of this Notice of Removal, and related papers, with the Court of Common Pleas for the Seventh Judicial Circuit, County of Spartanburg, in order to effect the removal of this action.

50.　　Simultaneous with the filing of this Notice of Removal, Liberty Mutual has given written Notice of Removal to counsel for Plaintiff.

WHEREFORE, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, Liberty Mutual Insurance Company, respectfully requests that the above-captioned matter, now pending in the Court of Common Pleas for the Seventh Judicial Circuit, County of Spartanburg, be removed to the United States District Court for the District of South Carolina.

HUBBARD & GOTTSCHALL LAW

Dated: March 12, 2025　　　　　　　By:　s/Brandon R. Gottschall
　　　　　　　　　　　　　　　　　　　　Brandon Gottschall
　　　　　　　　　　　　　　　　　　　　Atty. I.D. No. 12201
　　　　　　　　　　　　　　　　　　　　1320 Main Street
　　　　　　　　　　　　　　　　　　　　Suite 300
　　　　　　　　　　　　　　　　　　　　Columbia, SC  29201
　　　　　　　　　　　　　　　　　　　　E-mail:  brg@hglawsc.com
　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant,
　　　　　　　　　　　　　　　　　　　　Liberty Mutual Insurance Company

OF COUNSEL:

John C. Sullivan (motion for *pro hac vice* admission forthcoming)
Richard J. Barca (motion for *pro hac vice* admission forthcoming)
Lisa A. Reilly (motion for *pro hac vice* admission forthcoming)
POST & SCHELL, P.C.
Three Logan Square – 24th Floor
1717 Arch Street
Philadelphia, PA  19103
E-mail:  jsullivan@postschell.com
　　　　　rbarca@postschell.com
　　　　　lreilly@postschell.com