IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Burlington Industries, Inc., by and through its duly-appointed Receiver, Peter M. McCoy, Jr., | ) ) ) ) | Case No 7:25-cv-01706-DCC |
| Plaintiff, | ) ) | |
| v. | ) ) | **ORDER** |
| Continental Casualty Company; Travelers Casualty and Surety Company, f/k/a Aetna Casualty and Surety Company; American Home Assurance Company; Allstate Insurance Company, as successor-in-interest to Northbrook Excess and Surplus Insurance Company, f/k/a Northbrook Insurance Company; Granite State Insurance Company American International Group Inc.; AIU Insurance Company; The Continental Insurance Company, as successor-in-interest to Harbor Insurance Company; Westport Insurance Corporation, as successor-in-interest to Puritan Insurance Company; Federal Insurance Company; Munich Reinsurance America Inc., f/k/a American Reinsurance Company; Old Republic Insurance Company; Pacific Employers Insurance Company; Lexington Insurance Company; Scottsdale Insurance Company; National Union Fire Insurance Company of Pittsburgh PA; Century Indemnity Company, as successor-in-interest to Cigna Specialty Insurance Company, f/k/a California Union | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

Insurance Company; Zurich                )
Reinsurance Company LTD, f/k/a Zurich )
International LTD; Liberty Mutual         )
Insurance Company;                       )
                                         )
              Defendants.                )
_____ )

This matter is before the Court on Plaintiff's motion to remand.  ECF No. 19.  The motion was referred to United States Magistrate Judge William S. Brown for preliminary proceedings and a Report and Recommendation ("Report").  On March 19, 2025, Plaintiff filed a motion to remand.  ECF No. 19.  The motion has been fully briefed.  ECF Nos. 32, 34, 35, 36, 37, 39, 41, 52, 63, 66, 88, 89, 90, 92, 93, 100, 102, 109, 110.  On July 23, 2025, the Magistrate Judge held a hearing on this motion.  ECF No. 111.  On August 6, 2025, he issued a Report recommending that the motion be granted.  ECF No. 112.  The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so.  Objections, replies, and other documents were filed.  ECF Nos. 113, 114, 115, 116, 117, 119, 121, 122, 123, 124, 125, 126.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or

recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## **ANALYSIS**

As an initial matter, the Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference. At issue is whether the *Barton* doctrine applies in this action such that the Court lacks jurisdiction over the case. *See Barton v. Barbour*, 104 U.S. 126 (1881). Generally, the *Barton* doctrine bars a party from litigating a claim of or against a court-appointed receiver without first obtaining leave of the appointing court. This acts as a limitation on federal jurisdiction when a state court has previously exercised its authority by appointing a receiver to handle the administration of property. The Magistrate Judge determined that the doctrine is applicable. Because objections have been filed, the Court's review has been de novo, except where specifically stated below.[1]

---

[1] Given the numerous filings in this case and the number of parties, the Court will refer to all arguments in the objections as being made collectively by Defendants. There does not appear to be any conflict of interest such that any argument should not be attributed to the entire group of Defendants and referring them as such will improve the ease of reading this Order.

*Scope of Authority*

Defendants assert that the receiver is acting outside of the scope of his authority; accordingly, the *Barton* doctrine does not apply in this case. This requires a two-part inquiry. First, Defendants assert that the Magistrate Judge failed to consider the scope of the receiver's authority; second, they contend that, upon such consideration, the receiver is acting outside the scope of his authority.

As to the first inquiry, this Court finds, as did the Magistrate Judge, that Judge Lewis's discussion in *Cape plc v. Anglo Am. plc*, No. CV 3:24-3771-MGL, 2024 WL 4647873 (D.S.C. Aug. 13, 2024), is particularly instructive. In that case, the district court determined that questions related to whether the receiver was acting *ultra vires* or in violation of South Carolina's receivership statute were "questions interpreting the statutory authority of the Receiver [and] must be raised in state court and, if necessary, appealed through the state system. It is not for this Court to sit in judgment of the Receiver's actions taken as a representative of the court that appointed him." *Cape pcl*, 2024 WL 4647873, at *4. As noted by the Magistrate Judge, the state court is in the best position to interpret its appointment order. Accordingly, these objections are overruled.

With respect to whether the receiver is acting outside of his authority, Defendants cite to the state court's order in *Mimms v. Burlington Industries, Inc.*, C/A 2021-CP-40-05873 (Ct. of C.P. Richland Cnty.). Defendants assert that this case is distinguishable from *Cape cpl* because they are not asking the Court to interpret the state court's order in *Mimms*. The Court disagrees and finds that Defendants are unquestionably seeking for the Court to interpret that order. Moreover, even if the Court were inclined to agree

4

that *Cape cpl* is distinguishable from the present action, the law does not support such a narrow reading of the receiver's scope of authority. *See, e.g*, *In re Cutright*, No. 08-70160-SCS, 2012 WL 1945703, at *6 (Bankr. E.D. Va. May 30, 2012) ("Courts have held that a suit premised upon allegations that a trustee engaged in conduct that is intentional, wrongful, or even illegal does not remove it from the scope of the trustee's duties and authority so as to defeat the applicability of the *Barton* Doctrine when the conduct is connected to the trustee's execution of his official duties."). *See also McDaniel v. Blust*, 668 F.3d 153, 157–58 (4th Cir. 2012) ("The allegations that the challenged conduct was wrongful, certainly not unexpected in a lawsuit, do not preclude application of the *Barton* doctrine. Such allegations can be considered by the bankruptcy court both in its role as gatekeeper . . . and in the context of gathering information that may shape its future appointments . . . .") (internal citations omitted). Accordingly, the Court is of the opinion that the receiver's actions here would be within the scope of his appointment based upon the relevant law.[2]

Defendants argue that the receiver's conduct violates S.C. Code Ann. §§ 15-65-10, 15-65-50, and 15-65-60. However, their narrow interpretation of these statutes is unsupported by either the plain language of the statutes or any clear caselaw that supports their interpretation. Accordingly, the objections are overruled.

---

[2] Defendants cite to *In re Cutright* and argue that court performed a thorough analysis of the scope of the appointment. Significantly, the bankruptcy court that issued the order was the appointing court.

Defendants assert that the receiver should not be able to claim the protections of the state court's exclusive jurisdiction when he filed suit outside the jurisdiction of the receivership court. The Magistrate Judge thoroughly addressed this issue and concluded that "Defendants have not provided any case law standing for the proposition that filing a subsequent suit in the South Carolina Circuit Court in a different county precludes the application of the *Barton* doctrine." ECF No. 112 at 10. Defendants argue the basis for their argument is contained within *Barton* itself, which states that a non-appointing court's acceptance of jurisdiction "would have been an usurpation of the powers and duties which belonged exclusively to another court . . . ." *Barton*, 104 U.S. at 136. As an initial matter, it is unclear how this language supports the contention that this Court should retain jurisdiction over this action. Further, as noted by the Magistrate Judge, the law in South Carolina establishes that "[t]here is but one Circuit Court in South Carolina, with uniform subject matter jurisdiction throughout the State. The circuit court is made up of the court of common pleas, which hears civil actions, and the court of general sessions, which hears criminal cases. The phrase 'court of common pleas' . . . refers to the South Carolina Court of Common Pleas, and not a particular circuit or county." *Dove v. Gold Kist*, 442

S.E.2d 598, 600 (S.C. 1994) (internal citations and quotation marks omitted).[3]

Accordingly, this objection is overruled.[4]

### *In Personam*

Defendants argue that the *Barton* doctrine is inapplicable to actions that are *in personam*. Upon review, the Court agrees with the Magistrate Judge that Defendants have not produced any support for this theory and application of the *Barton* doctrine under these circumstances is in keeping with the ultimate aim of avoiding federal interference with the state court's overriding interest in the assets at issue. *See Pipe & Boiler Insulation, Inc. by and through Protopapas v. Continental Ins. Co.,* 736 F.Supp.3d 375, 3680 (D.S.C. 2023). Accordingly, these objections are overruled.[5]

### *Attorneys Fees*

The Magistrate Judge recommends denying the receiver's request for costs, including attorneys' fees, because the removal was not objectively unreasonable. No

---

[3] Defendants assert that this case is distinguishable from *Protopapas v. Zurich Am. Ins. Co.*, No. 3:21-CV-04086-DCC, 2023 WL 2206640, at *1 (D.S.C. Feb. 24, 2023), because that case concerned a removal from the receivership court. As noted by the Magistrate Judge, there is insufficient caselaw to support Defendants' position.

[4] Defendants call the Court's attention to two cases by the Supreme Court of South Carolina that were issued after briefing closed in this case. These filings were specifically noted by the Magistrate Judge; this Court has also reviewed them. After such review, nothing in those cases contradicts the Magistrate Judge's recommendation that these are matters to be considered by the state courts.

[5] The Court further agrees with the Magistrate Judge that, because remand is required due to lack of subject matter jurisdiction, the undersigned does not reach the service of suit argument.

party has specifically objected to this recommendation.  Accordingly, upon review for clear error, the Court adopts this portion of the Report.

## **CONCLUSION**

Upon review, the Court agrees with the recommendation of the Magistrate Judge. For the foregoing reasons, the motion to remand [19] is **GRANTED**.  This action is remanded to the Spartanburg County Court of Common Pleas.  The remaining motions are moot with leave to refile in the state court action.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

March 19, 2026
Spartanburg, South Carolina